NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRIAN CLOVER; SCOTT MCCULLOCH,

Plaintiffs-Appellants,

v.

ABEL M. TESFAYE, PKA The Weeknd; et al.,

Defendants-Appellees.

No. 20-55861

D.C. No.
2:19-cv-02507-PA-MRW

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted October 6, 2021**
Pasadena, California

Before: GRABER, CHRISTEN, and OWENS, Circuit Judges.

Brian Clover and Scott McCulloch ("Plaintiffs") appeal from summary

judgment entered in favor of Abel Tesfaye, also known as "The Weeknd," and his

collaborators (collectively, the "Defendants"), in this copyright infringement claim

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

alleging Defendants' song *A Lonely Night* illicitly copied Plaintiffs' song *I Need to Love*. Plaintiffs also appeal from various pretrial rulings. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1. Copyright Infringement**

"We review a grant of summary judgment de novo." *Loomis v. Cornish*, 836 F.3d 991, 994 (9th Cir. 2016). To prevail on a copyright infringement claim, Plaintiffs must show (1) that they own a valid copyright, and (2) that Defendants copied their work, and such copying was actionable. *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc). Here, Plaintiffs fail to raise a triable dispute as to the second element.

Because Plaintiffs lack direct evidence of copying, they must demonstrate copying circumstantially by showing that (1) "the defendant[s] had *access* to the plaintiff[s'] work," and (2) "the two works share similarities probative of copying"—in other words, a "*striking similarity*." *Id.* (emphases added) (citation omitted). Plaintiffs fail to establish a genuine dispute as to either. For access, their allegation that Defendants may have heard *I Need to Love* through a large song catalog amounts to no more than "bare corporate receipt," *Loomis*, 836 F.3d at 995 (citation omitted), and their admission that *I Need to Love* was never released to the public or generated any royalties indicates there is no "reasonable possibility of

2

access . . . [through] 'wide[spread] disseminat[ion],'" *id.* at 997 (citation omitted).
For striking similarity, Plaintiffs fail to show the two works are so similar that their
resemblance can be explained only by "copying rather than . . . coincidence,
independent creation, or prior common source." *Skidmore*, 952 F.3d at 1064
(ellipsis in original) (citation omitted). Indeed, Plaintiffs fail to timely or
adequately address evidence of a prior common source: Blondie's 1979 song *Heart
of Glass*. Thus, Plaintiffs fail to raise a genuine dispute as to copying.

**2. Pretrial Rulings**

Plaintiffs also contend that the district court erred when it denied their
motions for a stay of discovery, extension of discovery deadlines, and continuance
pursuant to Fed. R. Civ. P. 56(d), and when it granted Defendants' objection to
Plaintiffs' untimely expert rebuttal report. We review the district court's rulings
for an abuse of discretion, which "is [a] deferential [standard], and properly so,
since the district court needs the authority to manage the cases before it efficiently
and effectively." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir.
2005).

The district court permissibly exercised its discretion when it partially
denied Plaintiffs' motions for a stay, extension, and continuance under Federal
Rule of Civil Procedure 56(d), as Plaintiffs were given ample time to retain new
counsel, conduct discovery, file dispositive motions, oppose summary judgment,

and submit a timely rebuttal report. The district court also did not abuse its discretion when it denied Plaintiffs' second Rule 56(d) motion for a continuance to conduct additional discovery, because Plaintiffs did not "diligently pursue[]" their previous discovery opportunities, *Big Lagoon Rancheria v. California*, 789 F.3d 947, 955 (9th Cir. 2015) (en banc) (citation omitted), and because their request failed to enumerate the "specific facts" they hoped to gain from further discovery, *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (emphasis and citation omitted). Finally, the district court did not abuse its discretion in granting Defendants' objection to Plaintiffs' untimely expert rebuttal report because Plaintiffs never requested additional time to augment their expert evidence, even though they requested other extensions.

**AFFIRMED.**